IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CIRRUS DX, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 18-2701 |
| CORRIDOR MEDICAL SERVICES, INC., *d/b/a* CORRIDOR MOBILE MEDICAL SERVICES | * * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Cirrus DX, Inc.'s motion for default judgment, ECF No. 8. Defendant Corridor Mobile Medical Services has not responded and the time for doing so has passed. *See* D. Md. Loc. R. 105.2. Pursuant to Local Rule 105.6, a hearing is not necessary. For the following reasons, Plaintiff's request for this Court to enter default judgment is GRANTED, and the final damages calculation is DEFERRED consistent with this opinion.

**I. BACKGROUND**

The following facts are taken from the Complaint and accepted as true. Cirrus DX, Inc. ("Cirrus") is a medical laboratory specializing in the development and manufacture of diagnostic assays and molecular testing solutions used in clinical pathology. ECF No. 1 ¶ 4. Corridor Mobile Medical Services ("Corridor") is a mobile imaging and laboratory service provider that serves patients in nursing homes, hospice centers, assisted living facilities, and clinics. *Id.* ¶ 5.

Cirrus entered into a Lab Services Agreement (the "Agreement") with Corridor effective February 15, 2018. ECF No. 1 ¶ 9; *see also* ECF No. 1-3. Cirrus agreed to perform urinary tract infection tests on samples provided by Corridor's patients and to report the test results directly to

1

Corridor. ECF No. 1 at ¶ 9; *see also* ECF No. 1-3 at 2. According to the terms of the Agreement, Corridor was responsible for properly collecting, preparing and labeling the samples furnished to Cirrus. *Id*. Corridor was also in charge of billing Medicare for the services that Cirrus performed. ECF No. 1 ¶ 9; *see also* ECF No. 1-3 at 3.

The Agreement also specified that Corridor's failure to pay amounts owed to Cirrus within 30 days of the payment due date entitled Cirrus to terminate the Agreement and immediately collect all accounts due, as well as to "avail itself of any other remedy or remedies provided under law or in equity." ECF No. 1-3 ¶ 12. The Agreement also provides for reimbursement of "any and all costs and expenses reasonably incurred by [Cirrus] in exercising its rights . . . including but not limited to reasonable attorney's fees and legal expenses." *Id.*

For several months, Cirrus invoiced Corridor for services rendered, but despite repeated demands, Corridor failed to pay. ECF No. 1 ¶17. On August 16, 2018, Cirrus informed Corridor in writing that Corridor was in default of its obligations under the Agreement. *Id.* ¶ 18, ECF No. 1-4. On August 31, 2018, Cirrus filed this breach of contract action, seeking payment on six outstanding invoices totaling $1,828,401.78, plus attorneys' fees and costs. ECF No. 1 ¶ 26. On September 14, 2018, Cirrus served the Complaint and Summons on Corridor. ECF No. 10. On October 18, 2018, Cirrus moved for default and default judgment. ECF Nos. 7, 8. The Clerk entered default on October 24, 2018. ECF No. 11.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs defaults and default judgments. Rule 55(a) provides that default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The court may then enter default judgment at the plaintiff's

request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits." *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), the court may exercise its discretion in granting default judgment when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering the propriety of default judgment, the court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in the context of default judgments. *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678). *See, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the court may find liability, the court next turns to damages. *See Ryan*, 253 F.3d at 780-81. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records.

*See* Fed. R. Civ. P. 54(c); *Lawbaugh,* 359 F. Supp. 2d at 422. *See, e.g.*, *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

**III. DISCUSSION**

**A. Liability**

Taking the Complaint allegations as true, Cirrus has plausibly averred that Corridor failed to pay on six months of invoices for services rendered. A successful Maryland breach of contract claim must establish that (1) the defendant owed the plaintiff a contractual obligation; and (2) the defendant materially breached that obligation. *See RRC Ne., LLC v. BAA Maryland, Inc.*, 413 Md. 638, 658 (2010). According to the Complaint, Corridor voluntarily and competently entered into a bilateral agreement with Cirrus. *See* ECF No. 1-3 at 5. Cirrus performed on the contract but Corridor did not pay for the services. ECF No. 8 at ¶ 2; *see also* ECF No. 8-4. Default judgment is therefore proper.

**B. Damages**

**1. Valuation**

Cirrus's claimed damages are supported in large part by the invoices that Cirrus submitted to Corridor during the life of the contract. ECF No. 1-5. Under the Agreement, Cirrus was to be paid via two different mechanisms based on how the services were covered under Medicare. ECF No. 1 ¶ 11. Medicare Part A (inpatient care) claims were to be billed monthly by Cirrus at a flat rate of $150 per test. *Id.* ¶ 9; *see also* ECF No. 1-3 at 3, 6. For Medicare Part B (outpatient care) claims, Corridor was to provide to Cirrus a report of its reimbursements from Medicare at the end of each month. *Id.* ¶ 12. Cirrus would subsequently bill for 70% of the reported reimbursed amount. *Id.* ¶ 9; *see also* ECF No. 1-3 at 3, 6.

Cirrus now submits six outstanding invoices. CMMS-0004 and CMS-0005 are invoices for Medicare Part A claims where payment is based on the number of tests administered by the Plaintiff. ECF No. 1-5 at 8, 9. These invoices reflect the agreed rate of $150 per test. *Id.* Invoices CMMS-0002, CMMS-0003 and CMMS-0006 are Medicare Part B claims tabulated according to reports provided by the Defendant. ECF No. 1-5 at 2-7, 10. In addition to summarizing transactions of prior billing cycles, the statements detail the monthly and running total amounts of Medicare reimbursement. *Id.* In conformity with the Agreement, the invoices show that Cirrus' fee is based on 70% of the total amount reimbursed. Accordingly, the invoices provide the Court sufficient support to credit the non-payment of these invoices for total damages of $921,078.78 through August 8, 2018.

As to invoice CMMS-007, the Court cannot ascertain how Cirrus arrived at the billed amount of $907,723.00 for the processing "of Samples through August 2018" which appears to be approximately one week (August 8 through August 15). ECF No. 1-5 at 14. Cirrus contends that it arrived at this figure by using "historical data" to "estimate" the "amounts owed for the work performed based on this historical data." ECF No. 8-1 at 2. However, the Court notes that, according to Plaintiff's own submission, the "estimated" bills for this last period—$907,323— roughly equal the actual bills for the previous two and a half months. *Id.* Accordingly, without additional support for CMMS-007, the Court cannot include this invoice as part of the damages awarded. The Court will defer calculation of a final damages award and allow Cirrus to supplement the record within seven days from the date of this Order.

### 2. Attorneys' Fees and Costs

Pursuant to the Agreement, Cirrus is entitled to attorneys' fees and legal expenses. ECF No. 1-3 at 3. The Court considers the reasonableness of attorneys' fees under Appendix B to the

Local Rules and the following factors: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Hackett v. ADF Rest. Investments*, 259 F. Supp. 3d 360, 367 (D. Md. 2016); *see also Aldmyr Systems, Inc. v. Friedman*, 215 F. Supp. 3d 440, 468 (D. Md. 2016).

This relatively straightforward contract claim supports the Court applying the presumptively reasonable rates set out in our Local Rules. D. Md. Loc. R. 109.2 and App'x B. Accordingly, the Court will apply the high end of the range for attorney Lynn Butler, who has twenty-seven years of experience, $475 per hour. ECF No. 8-3; *see also* ECF No. 8-2 at ¶ 9; ECF No. 8-4 at 5; D. Md. Loc. R. App'x B at 3.e. Similarly, the Court will apply an hourly rate of $350 for Steven Neeley, who has been practicing for nine years. *Id*.; D. Md. Loc. R. App'x B, at 3.d. Paralegal Amanda Schenkenberger will be accorded an hourly rate of $150. ECF No. 8-3; ECF No. 8-2 at ¶ 9; ECF No. 8-4 at 5; *Id*. at 3.f.

As to the reasonableness of the hours expended, the Court examines the supporting information to insure that work performed was not excessive or redundant. *Flores v. City Certified Bldg. Servs., Inc.*, No. ELH-16-2135, 2016 WL 6780209, at *4 (D. Md. Nov. 16, 2016). Although the requested attorney hours of 30.4 appear high for a relatively straightforward contract claim, attorney Steven Neeley attests that the number of hours spent on this matter is

6

reasonable because "[c]onducting the background investigation into [Corridor's] breach and complying with the contractual default and notice requirements in order to properly initiate this case was time-consuming." ECF No. 8-2 ¶ 8. Detailed invoices regarding the background investigation necessary to bring this action corroborate Neeley's averments. ECF No. 8-4 at 3-5. Accordingly, multiplying the hours worked by the rates as applied to each professional, the Court will award $11,423.00 in attorneys' fees as part of the final damages calculation.

## III. CONCLUSION

Based on the foregoing, it is this 12th day of February, 2019 by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff CIRRUS DX, INC.'s Motion for Default Judgment against Defendant CORRIDOR MEDICAL SERVICES, INC., ECF No. 8, BE, and the same hereby IS, GRANTED;

2. The Court DEFERS a final award of damages; CIRRUS shall have seven days from the date of this Order to supplement its damages evidence; and

3. The Clerk SHALL TRANSMIT copies of this Memorandum Opinion and Order to the parties.

 02/12/2018                                            /S/
Date                                                    Paula Xinis
                                                        United States District Judge